IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARIO D. JONES**                                                                                  **PLAINTIFFS**

VS.                                                      **CIVIL ACTION NO. 3:09CV393-CWR-LRA**

**STATE OF TENNESSEE, ET AL**                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This cause is before the Court *sua sponte* upon a review of the docket of the case. Plaintiff Mario D. Jones is proceeding *pro se* and filed his civil rights Complaint on July 6, 2009. He is a resident of Jackson, Mississippi, and names the State of Tennessee and various Tennessee police officers, as Defendants. After filing his Complaint, Plaintiff has made no effort to cause process to be served on the named Defendants.

On February 21, 2011, the undersigned Magistrate Judge entered an Order [ECF No. 2] directing Plaintiff to show good cause as to why process was not served within 120 days of the filing of the Complaint as required by FED.R.CIV.P.4(m). Plaintiff was advised that his case would be dismissed if he failed to show good cause by March 4, 2011.

Plaintiff did not respond in writing to the February 21, 2011, Order, or otherwise contact the Court regarding his failure to serve process. He has never requested that an extension of time to serve process be granted.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court — on

> motion or on its own after notice to the plaintiff— must dismiss
> the action without prejudice against that defendant or order that
> service be made within a specified time. But if the plaintiff
> shows good cause for the failure, the court must extend the time
> for service for an appropriate period. ...

The time period for serving process originally expired on or about November 6, 2009. The Court did not dismiss the case at that time. Instead, by the Order filed February 21, 2011, the Court gave Plaintiff over two more weeks to show cause as to why process had not been served. Plaintiff has not responded or requested the Court for additional time to serve process. Rule 4 requires the Court to dismiss his Complaint.

It is the opinion of the undersigned that the Complaint filed by the Plaintiff Mario D. Jones should be dismissed due to his failure to have the summons and complaint served on the named Defendants within 120 days of the filing of the Complaint. The dismissal should be without prejudice and entered pursuant to FED. R. CIV. P. 4(m).

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

THIS the 14th day of March, 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE